145 F.3d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BECHTEL CONSTRUCTION, INC. Plaintiff-Appellant,
v.
Northern California Mill Wrights, Local 102 Defendant-Appellee.
 No. 97-15187.
D.C. No. CV-96-03035-CW.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted, March 12, 1998.
Decided May 11, 1998.
 
 Appeal from the United States District Court for the Central District of California Claudia Wilken, District Judge, Presiding.
 Before CANBY and REINHARDT, Circuit Judges, and RESTANI, Judge.*
 
 
 1
 MEMORANDUM*
 
 
 2
 Jamie Pruett, a former employee of Bechtel Construction Company, was terminated after testing positive in a random drug test while working on Bechtel's project for the Chevron Richmond Refinery. Pruett's union, Northern California Millwrights, Local 102, challenged the termination for lack of just cause. The arbitrator found for Pruett and the Union. The district court confirmed the award and granted summary judgment in favor of the Union. Bechtel appealed, and we affirm.
 
 
 3
 In the labor context, courts review the decision of the arbitrator under a highly deferential standard of review. See Stead Motors of Walnut Creek v. Automotive Machinists Lodge No. 1173, 886 F.2d 1200, 1206 (9th Cir.1989) (en banc), cert. denied, 495 U.S. 946, 110 S.Ct. 2205, 109 L.Ed.2d 531 (1990). If "the arbitrator's interpretation could in some rational manner, be derived from the collective bargaining agreement, viewed in light of its language, its content, and any other indicia of the parties' intention," judicial inquiry ceases and the award must be affirmed. Desert Palace, Inc. v. Local Joint Executive Bd. of Las Vegas, 679 F.2d 789, 792 (9th Cir.1982).
 
 
 4
 The single question at issue in this appeal is whether Bechtel's random drug testing of Pruett was permissible under the terms of the Collective Bargaining Agreement that the Union and Bechtel entered into in February 1993. Bechtel points out that the agreement explicitly states that the parties agree to abide by a drug policy "as may be required by" Chevron. Materials that were distributed to the Union several months later set forth two drug policies--the Chevron Drug and Alcohol Policy (Chevron Policy) and the Bay Area Training Trust (BATT) policy--and specified that the Chevron Policy would apply until October 1, 1993 at which time the BATT policy would become effective. Bechtel contends that the BATT policy was the valid operating policy when Pruett was tested in 1995, and that the random drug testing of Pruett was valid under that policy.
 
 
 5
 Although it is not entirely clear, it would appear that the arbitrator applied the Chevron rather than the BATT policy. Assuming such to be the case, we cannot conclude that his decision does not result from a rational interpretation of the Collective Bargaining Agreement. It would not be irrational, for example, to construe the agreement as invoking the Chevron policy that existed at the time that the agreement was entered into, or at least as contemplating that no new policy would be adopted that compelled a greater waiver of the individual employees' constitutional rights than was provided for under the then-existing policy, without the express consent of the Union.
 
 
 6
 There are other equally valid reasons why we cannot conclude that the arbitrator's decision should be set aside. We are not free to correct errors of fact or law made by the arbitrator in applying the agreement. The arbitrator found, for example, that there was no evidence that Pruett's job was safety sensitive or that it had been determined to be safety sensitive. In his decision the arbitrator set forth the argument of the Union to that effect. The company contends, however, that a blanket determination of safety sensitivity was made. Whether the arbitrator determined that such a blanket determination, without more, would be insufficient under the Collective Bargaining Agreement or whether he found, correctly or incorrectly, that no such blanket determination had been made, either way, we could not set aside his determination, regardless of which of the two policies he applied.
 
 
 7
 We do not suggest that the arbitrator actually committed errors of fact or law in reaching his decision. Rather, we hold only that if he did so in this case, the errors specified would not permit us to conclude that his interpretation cannot rationally be derived from the Collective Bargaining Agreement.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3